## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE: | CASE NO: 17-62055 |
| ANTHONY JAMES GARMAN | JUDGE RUSS KENDIG |
| Debtor. | |
| ------------------------------------------- | AVERSARY NO._____ |
| RENE LINCICOME | |
| Plaintiff, | |
| v. | RENE LINCICOME'S COMPLAINT TO DETERMINE NON-DISCHARAGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(a)(2)(A) and §523(a)(6) |
| ANTHONY ROOFING, LLC. | |
| and | |
| ANTHONY GARMAN | |
| and | |
| ANTHONY ROOFING & CONSTRUCTION, LLC | |
| Defendants. | |

Plaintiff, Rene Lincicome ("Lincicome"), by and through counsel, brings this action to determine the non-dischargeablity of debt pursuant to 11 U.S.C. §523(a)(2)(A) and (6) and in support thereof alleges as follows:

### I. INTRODUCTION

1. The debt underlying this adversarial proceeding derives from a series of consumer transactions in 2014 wherein Plaintiff acquired home improvement services for a new roof

through Defendant Anthony J. Garman ("Garman" or "Debtor"), who was doing business under the name of "Anthony Roofing", then located at 2555 Easton St. NE, Stark County, Canton, Ohio 44721.

2. During the course of the consumer transactions, there were violations of Ohio's consumer protection laws and fraudulent misrepresentations made by Garman.

3. As a result, Plaintiff filled suit against Garman and Anthony Roofing in the Stark County Ohio County of Common Pleas, which case was assigned no. 2017CV00860.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §157 and 1334 and 11 U.S.C. §523, as well as the general order of reference entered in this district on July 16, 1984.

5. This is an adversarial proceeding pursuant to Fed. R. Bankr. P. 7001(6) and a core proceeding pursuant to 28 U.S.C. §157(2)(A) and (O).

6. Venue is proper in his district pursuant to 28 U.S.C. §1409.

## III. PARTIES

7. Plaintiff Rene Lincicome is a resident of Stark County, and her mailing address is 3001 Connecticut St. SW, Massillon, Ohio, 44646 ("Property"), and has standing to bring this action against Defendant.

8. Defendant Anthony Garman is a resident of Stark County, and his mailing address is 2555 Easton St. NE, Canton, Ohio 44721.

9. Defendant Garman is the debtor in the above-referenced bankruptcy case.

## IV. STATEMENT OF FACTS

10. On January 29, 2014, Plaintiff entered into a contract with Anthony Garman and Anthony Roofing, LLC, for an entire new wood roof system with a twenty-year (20) watertight guarantee at the Property. (See Amended Complaint, attached hereto as Exhibit "A").

11. Defendants expressly warranted to Plaintiff that the roof would be watertight for twenty-years (20).

12. Defendants impliedly warranted that the materials utilized to install the roof system on the Property was of merchantable quality and fit for the ordinary purposes for which the material is used.

13. Defendants purchased a Firestone roof system.

14. The roof severely failed in that water leaked into the Property's premises.

15. Plaintiff had the roof inspected by Home Improvements Specialists and it was determined that the entire roof needed to be removed and completely redone.

16. The expert also determined that the installation was substandard and of poor quality.

17. Plaintiff contacted Defendants, but they failed to take responsibility for their substandard work.

18. On April 26, 2017, Plaintiff filed her original Complaint against Defendants Anthony Garman and Anthony Roofing, LLC.

19. On August 10, 2017, Defendant's counsel in the civil matter, John L. Juergensen, filed the Articles of Organization for a new company, Anthony Roofing and Construction, LLC, and declared himself the Statutory.

20. Upon information and belief, Defendant Garman is using assets from the previous company, Anthony Roofing, LLC, in his new company Anthony Roofing and Construction, LLC.

21. On September 13, 2017, Plaintiff's counsel requested a deposition date for Defendant Antony Garman from Defendant's counsel.

22. On September 15, 2017, Defendant Garman filed bankruptcy, Case No: 6:17-bk-62055, in an attempt to avoid personal liability to his creditors, including Plaintiff.

23. Defendant Garman is the statutory agent of Defendant Anthony Roofing, LLC.

24. On Page 12 of Defendant Garman's bankruptcy filing, he listed Anthony Roofing, LLC, as defunct.

25. Anthony Roofing, LLC, continued after September 15, 2017 to operate and advertise as an existing company, even updating their blog with new content on September 26, 2017.

26. Anthony Roofing and Construction, LLC, is a continuation of Anthony Roofing, LLC.

## **FIRST CLAIM FOR RELIEF: 11 U.S.C. §523(a)(2)**

27. Plaintiff realleges and incorporates by reference as though fully set forth herein the allegations contained in Paragraph 1-26.

28. Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition….

29. All or part of the debt owed to Plaintiff, as evidenced by the potential judgment against the Debtor, is non-dischargeable as it is money, property, services, or an extension, renewal,

or refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code §§ 523(a)(2)(A).

30. Garman was either directly or indirectly involved in the deception and fraudulent conduct described herein.

31. Garman was the sole owner and operator of "Anthony Roofing", and therefore, Garman played the key role in the violations of the consumer protection laws and fraudulent transactions described herein.

32. Garman knowingly made false statements, misrepresentations and omissions in order to deceive Plaintiff regarding the underlying transactions.

33. Plaintiff justifiably relied on Garman's false statements, misrepresentations and omissions. Moreover, Garman's false statements and other fraudulent conduct proximately caused losses suffered by Plaintiff.

34. Garman's liability to Plaintiff arises from a transaction in which he obtained money by false pretenses, false representations and actual fraud.

35. For the forgoing reasons, Garman's liability to Plaintiff (in the excess amount of $25,000.00) is not dischargeable under 11 U.S.C. §523(a)(2)(A).

## SECOND CLAIM FOR RELIEF: 11 U.S.C. §523(a)(6)

36. Plaintiff realleges and incorporates by reference as though fully set forth herein the allegations contained in Paragraph 1-33.

37. Garman actively and knowingly concealed his fraudulent conduct through material false statements, misrepresentations and omissions.

38. In doing so, Garman willfully and maliciously injured Plaintiff.

5

39. The fraudulent activity was designed and perpetuated by Garman in order to benefit him personally.

40. As the owner and operator of "Anthony Roofing", Garman was aware that his fraudulent conduct would cause harm or that there was a substantial certainty that harm would result.

41. As such, Garman intended, through his fraudulent conduct, to cause such harm.

42. Garman acted deliberately, intentionally, wrongfully and without just cause and excuse. To her detriment, Plaintiff justifiably relied on Garman's material false statements, misrepresentations and omissions.

43. Debtor's malicious and willful fraudulent conduct proximately caused the losses suffered by Plaintiff.

44. Debtor's liability to Plaintiff arises from a transaction in which he willfully and maliciously injured Plaintiff.

45. Debtor is also barred from disputed the pending entries under theories of res judicata and/or collateral estoppel.

46. For the forgoing reasons, Debtor's liability to Plaintiff, in an amount to be determined, is not dischargeable under 11 U.S.C. §523(a)(6).

## V.    PRAYER

WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment against Defendant/Debtor Anthony J. Garman as follows:

a) Declaring that the Debtor's indebtedness to Plaintiff and her counsel, Laura L. Mills, in an amount in excess of $25,000.00, or determined at trial, is a non-dischargeable debt pursuant to 11 U.S.C. §523(a)(2)(A) and/or (6);

b) Granting Plaintiff any other and further relief to which she may be entitled.

Date: October 11, 2017

        Respectfully Submitted:

        /s/Laura L. Mills
        Laura L. Mills (#0063011)
        *Counsel for Plaintiff Rene Lincicome*
        MILLS, MILLS, FIELY & LUCAS
        101 Central Plaza S.
        200 Chase Tower
        Canton, Ohio 44702
        (330) 456-0506
        lmills@mmfllaw.com

## CERTIFICATE OF REGULAR SERVICE

I hereby certify the foregoing Complaint to Determine Non-Dischargeablity was served by regular U.S. Mail per the rules this 11th day of October 2017 at the addresses noted upon the following:

Anthony Garman
1860 Glenmont Dr.
Canton, Ohio 44708

Edwin H. Breyfogle, counsel for Debtor
108 Third St. NE
Massillon, Ohio 44646

        /s/Laura L. Mills
        Laura L. Mills (#0063011)
        Counsel for Rene Lincicome

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify the foregoing Complaint to Determine Non-Dischargeablity was electronically transmitted on or about this 11th day of October 2017, via the Court's CM/ECF system.

/s/Laura L. Mills
Laura L. Mills (#0063011)
Counsel for Rene Lincicome