# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | ) | CASE NO: 17-62055 |
| | ) | |
| ANTHONY JAMES GARMAN | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtor. | ) | |
| | ) | |
| ------------------------------------------- | ) | AVERSARY NO.17-06024-rk |
| | ) | |
| RENE LINCICOME | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S MOTION FOR** |
| | ) | **SUMMARY JUDGMENT** |
| v. | ) | |
| | ) | |
| ANTHONY ROOFING, LLC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ANTHONY GARMAN | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ANTHONY ROOFING & | ) | |
| CONSTRUCTION, LLC | ) | |
| | ) | |
| Defendants. | ) | |

Now comes Plaintiff Rene Lincicome, by and through undersigned counsel, moves this Court for Summary Judgment under the Federal Rules of Civil Procedure 56(A) on all claims in her original Complaint. Plaintiffs Memorandum in Support is attached hereto and incorporated herein.

Respectfully Submitted,

/s/Laura L. Mills
Laura L. Mills (0063011)
*Counsel for Rene Lincicome*
Mills, Mills, Fiely & Lucas
101 Central Plaza South
200 Chase Tower
Canton, OH  44702
Phone: 330.456.0506
Fax: 855.764.3543
LMills@MMFLlaw.com

**MEMORANDUM IN SUPPORT**

## I. INTRODUCTION

Defendant Anthony James Garman ("Garman") breached his contract with Plaintiff, Rene Lincicome ("Lincicome") to replace her roof. Garman provided substandard craftsmanship that left Lincicome's roof in disrepair and in need of further replacement. When faced with legal action due to his poor work, Garman abandoned Anthony Roofing, LLC ("AR LLC"), and filed a new Articles of Organization under the name Anthony Roofing and Construction, LLC ("ARC LLC"), in hopes of avoiding liability, a fraudulent act under Bankruptcy Code § 523(a)(2)(A).

Garman expressly warranted to Lincicome that the roof would remain watertight for at least twenty (20) years. (See Contract, attached hereto as Exhibit "A"). Garman also impliedly warranted that the materials used to construct the new roof system were of merchantable quality and for their intended use. The roof did not remain watertight for the duration of the warranty, nor did Garman ever fulfill the expressed warranty, resulting in malicious injury to Lincicome under Bankruptcy Code § 523(a)(6).

1

Lincicome now asks this Court to review the undisputed facts set forth below and find that Garman breached his contract with Lincicome and tried to avoid repercussions by continuing his company under a different name.

## II. BACKGROUND

Lincicome hired Garman in January of 2014 to replace Lincicome's leaking roof. Garman was the sole operator of AR LLC, and entered into a contract with Lincicome on January 29, 2014 for a new wood roof system. (See Exhibit "B", Defendant's Responses to Plaintiff's First Set of Discovery, Admission #2). The new roof included a twenty-year (20) watertight warranty, which Garman expressly supported as being valid. (See Exhibit "B" Admission #2).

Lincicome paid for the roof in full (See Exhibit "B", Admission #3) but within days of the installation, the roof began to leak (See Exhibit "B", Admission #4). Lincicome contacted Garman and requested that he repair the roof once more, as required by his warranty, however, after multiple attempts to have Garman repair the damaged roof, Lincicome finally contacted a home inspection service to evaluate Garman's work. Upon inspection by Home Improvements Specialists, it was determined that the roof had been installed improperly and would need to be replaced entirely. (Attached hereto as Exhibit "C"). Lincicome called Garman in an attempt to enforce her valid warranty, however, Garman failed to take responsibility for the failed roof system, and never fulfilled the warranty.

Lincicome filed her Complaint against Garman on April 26, 2017. Upon receiving notice of the Complaint, Garman's former counsel, John Jeurgensen, filed Articles of Organization for a new company by the name of "Anthony Roofing and Construction, LLC", a continuation of Anthony Roofing, LLC, which filed Chapter 7 bankruptcy on September 15, 2017. (See Exhibit "B" Admission #5, 6, 7, 8, 11, 12, 13, 14).

## III. LAW AND ARGUMENT

### a) Standard of Review

Under the Federal Rules of Civil Procedure, when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law, the court shall grant summary judgment. Fed. R. Civ. P. 56(a).

The movant bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, and any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the movant has met this burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations; it is not sufficient to simply show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Instead, the non-movant must point to evidentiary material listed in Fed. R. Civ. P. 56(c) in support of its position. *Celotex*, 477 U.S. at 324. This material includes depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c)(1)(A). A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. *Brown v. Ohio State Univ.*, 616 F. Supp. 2d 740, 749 (S.D. Ohio 2009).

### b) First Claim for Relief: 11 U.S.C. §523(a)(2)(A)

Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition....

All or part of the debt owed to Plaintiff, as evidenced by the potential judgment against the Debtor, is non-dischargeable as it is money, property, services, or an extension, renewal, or refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code §§ 523(a)(2)(A). Garman was either directly or indirectly involved in the deception and fraudulent conduct as he filed bankruptcy for AR LLC, and quickly thereafter formed ARC LLC, in a fraudulent attempt to avoid liability. Garman's liability to Lincicome is not dischargeable under 11 U.S.C. §523(a)(2)(A).

Garman fraudulently filed bankruptcy for AR LLC, and continued its operation under a newly incorporated company, ARC LLC, to avoid liability its' predecessor. ARC LLC, is merely a continuation of AR LLC.

Garman admitted in his Responses to Lincicome's First Set of Discovery that he intended to continue to operate under ARC LLC just has he had under AR LLC. (See Exhibit "B", Admission #14). Garman also admitted that he owns both companies (AR LLC and ARC LLC), that he is using assets from the previous company AR LLC in his new company ARC LLC, both companies use the same social media platforms, phone numbers (Garman's personal cell phone), business addresses, and email addresses, uses the same F-150 truck with advertisement on it for both companies, Garman has paid for advertisements for both companies for the exact same advertisements and both companies have the same Agent and Registrant. (See Exhibit "B", Admissions #5, 6, 7, 8, 12, 13).

Despite Garman not purchasing the company from himself, the fact that he continued his business through another name while using the same resources and business practices, shows continuation.

> When one corporation sells its assets to another corporation with the same people owning both corporations. Thus, the acquiring corporation is just a new hat for, or reincarnation of, the acquired corporation. This is actually a reorganization. This type of transaction is executed to escape liabilities of the predecessor corporation. Because the goal is to escape liability, inadequacy of consideration is one of the indicia of mere continuation.
>
> *WRK Rarities, LLC v. United States*, 165 F. Supp. 3d 631, 637 (N.D. Ohio 2016).

Garman violated Bankruptcy Code §§ 523(a)(2)(A) as he fraudulently created a new company, ARC LLC, a successor company to AR LLC, which he filed bankruptcy for to avoid liability.

c) **Second Claim for Relief: 11 U.S.C. §523(a)(6)**

Bankruptcy Code § 523(a)(6) provides, in relevant part, that:

> (a)A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

Garman actively and knowingly concealed his fraudulent conduct through material false statements, misrepresentations and omissions. In doing so, Garman willfully and maliciously injured Lincicome financially. As the owner and operator of AR LLC, Garman was aware that his fraudulent conduct, failure to perform his expressed warranty, would cause harm or that there was a substantial certainty that harm would result. Lincicome justifiably relied on Garman's material false statements, misrepresentations and omissions regarding the warranty for the newly installed roof. Debtor's liability to Lincicome is not dischargeable under 11 U.S.C. §523(a)(6).

Garman was the sole owner and operator of "Anthony Roofing" ("AR LLC"), and therefore, Garman played the key role in the violations of the consumer protection laws and fraudulent transactions described herein. Garman knowingly made false statements, misrepresentations and omissions in order to deceive Plaintiff regarding the underlying transactions. Plaintiff justifiably relied on Garman's false statements, misrepresentations and omissions. Moreover, Garman's false statements and other fraudulent conduct proximately caused losses suffered by Plaintiff. Garman's liability to Plaintiff arises from a transaction in which he obtained money by false pretenses, false representations and actual fraud.

A valid contract existed between Lincicome and Garman, as both parties entered into a written agreement on January 29, 2014 for the replacement of Lincicome 's roof with a new Firestone roof system with a twenty (20) year watertight warranty. (See Exhibit "A" and "B", Admission #2"). In return for the new roof system, Lincicome paid Garman for the cost of labor and materials, totaling $12,995. (See Exhibit "B" Admission #3). Lincicome paid for the roof in two cashier's checks on January 31, 2014 and January 29, 2014 (Attached hereto as Exhibit "E").

Garman installed a roof for Lincicome in 2014; however, within a matter of days the roof leaked and damaged the inside of Lincicome 's home. (See Exhibit "B", Admission #4"). Upon inspection by Home Improvement Specialists, it was determined that not only was the roof constructed improperly and poor in quality, but it would need to be removed and completely redone. (See Exhibit "C").

Garman failed to perform as specified by the contract, as the roof leaked. Not only did Lincicome pay the initial cost for Garman to construct a new roof, but Lincicome also was forced to pay Home Inspection Specialists for the inspection of Garman's subpar workmanship and to have the improperly installed roof removed and replaced. The repair costs exceeded $18,500 (See

Exhibit "C"). As shown, Lincicome has suffered a substantial economic loss at the hands of Garman, satisfying the final element.

Garman violated Bankruptcy Code §523(a)(6) as he fraudulently represented a guaranteed warranty for the roof installed, and when Lincicome attempted to exercise the warranty upon discovery of leaks in her roof, Garman never fulfilled his obligations, resulting in significant injury to Lincicome.

**IV. CONCLUSION**

Garman continued to operated AR LLC, as ARC LLC, to avoid liability for its' predecessors. Such an action is fraudulent, and a clear violation of Bankruptcy Code §523(a)(2)(A), and therefore is non-dischargeable. Further, Garman fraudulently represented the expressed warranty of his contract with Lincicome, resulting in financial injury to Lincicome, a clear violation of Bankruptcy Code §523(a)(6), again, rendering Garman's actions non-dischargeable.

WHEREFORE, Plaintiff hereby respectfully requests this Honorable Court GRANT her Motion for Summary Judgment.

Respectfully Submitted,

/s/Laura L. Mills
Laura L. Mills (0063011)
*Counsel for Rene Lincicome*
Mills, Mills, Fiely & Lucas
101 Central Plaza South
200 Chase Tower
Canton, OH 44702
Phone: 330.456.0506
Fax: 855.764.3543
LMills@MMFLlaw.com

## CERTIFICATE OF SERVICE

I certify that on April 23, 2018 a true and correct copy of the foregoing Notice was served Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

Edwin H. Breyfogle, Esq., on behalf of Defendant at edwinbreyfogle@gmail.com.

Under penalty of perjury, I declare that the foregoing is true and correct.

Dated: April 23, 2018

                                          /s/Laura L. Mills
                                          Laura L. Mills (#0063011)
                                          *Counsel for Rene Lincicome*