**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Dated: 03:17 PM July 5, 2018**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ANTHONY JAMES GARMAN, | ) | CASE NO. 17-62055 |
| | ) | |
| Debtor. | ) | ADV. NO. 17-6024 |
| _____ | ) | |
| RENE LINCICOME, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| ANTHONY ROOFING, LLC, | ) | **(NOT FOR PUBLICATION)** |
| ANTHONY JAMES GARMAN, | ) | |
| ANTHONY ROOFING & | ) | |
| CONSTRUCTION, LLC, | ) | |
| | ) | |
| Defendants. | | |

Now before the court is Plaintiff's motion for summary judgment brought pursuant to Bankruptcy Rule 7056. Defendant opposes the motion.

1

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and the court has authority to issue final entries. Pursuant to 11 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## FACTS

Anthony James Garman ("Defendant") was the sole owner and operator of Anthony Roofing, LLC. On or about January 29, 2014, Rene Lincicome ("Plaintiff") entered into a consumer transaction with Defendant, contracting to hire him to install a new Firestone roof system with a 20-year watertight guarantee. As Plaintiff was a "consumer", and Defendant a "supplier", as defined in the Consumer Sales Practices Act of the Ohio Revised Code, § 1345.01, Defendant's agreement also warranted that his work would be completed in a good and workmanlike manner. The installation followed. Days after installation, Plaintiff claims that the roof began to leak, and the water damaged the inside of her home. Defendant admits that "there may have been some leaks in spots." Defendant's Resp. to First Set of Interrogatories, p. 14.

Plaintiff has paid Defendant in full for the roofing work to be performed, in the amount of $12,995 in labor and materials. After the leaking began, Plaintiff hired Home Improvement Specialists to inspect the faulty roof. The inspection revealed that the roof was improperly constructed, and would need to be completely replaced. The repairs cost Plaintiff more than $18,500.

Plaintiff alleges that the initial roofing project was not completed in the requisite workmanlike manner, and that the decision to procure the inspection was made only after multiple attempts to contact Defendant regarding repairs. Plaintiff claims the express warranty established in their contract was never fulfilled.

On April 26, 2017, Plaintiff filed a civil complaint against Defendant and Anthony Roofing, LLC. On August 10, 2017, Defendant's counsel in that matter, John L. Juergensen, filed the Articles of Organization for a new company, Anthony Roofing and Construction, LLC. Defendant admits to ownership of both the original company, Anthony Roofing, and the new company. Defendant's Resp. to First Set of Interrogatories, p. 15.

Defendant filed a petition for bankruptcy under Chapter 7 on September 15, 2017, and the civil case was closed. Plaintiff commenced this adversary complaint on October 3, 2017, seeking nondischargeability under 11 U.S.C §§ 523(a)(2) and 523(a)(6). The instant motion for summary judgment was filed on April 23, 2018.

## DISCUSSION

Federal civil procedure rules regarding summary judgment apply also in adversary proceedings.  Fed. R .Bankr. 7056.  In order to succeed on a motion for summary judgment, the movant must show that "there is no dispute as to any material fact," and that the movant is "entitled to judgment as a matter of law."  Fed. R. Civ. 56.  In considering the motion, the court must view the evidence in the light most favorable to the nonmoving party.  <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (citation omitted).  If the moving party meets her burden of showing the absence of genuine issues of fact, the burden shifts to the nonmoving party to establish the existence of a fact requiring trial.  <u>Automated Sol. Corp., v. Paragon Data Sys., Inc.</u>, 756 F.3d 504, 521 (6th Cir. 2014) (citation omitted).  Such a material fact is one having the potential to affect the outcome of the proceeding.  <u>Rieser v. Hayslip (In re Canyon Sys. Corp.)</u>, 343 B.R. 615, 629 (Bankr. S.D. Ohio 2006).

Plaintiff in this case has claimed that parts of Defendant's debt are nondischargeable for two alternative reasons: the debt was obtained by fraud, and the debt was incurred due to willful and malicious injury to another person or her property.  A "debt" is statutorily defined as liability on a claim, which is in turn defined as a right to payment.  11 U.S.C. §§ 101(12), 101(5).  Per the Supreme Court, a right to payment is "nothing more nor less than an enforceable obligation."  <u>Cohen v. De La Cruz</u>, 523 U.S. 213, 219 (1998), quoting <u>Pennsylvania Dept. of Public Welfare v. Davenport</u>, 495 U.S. 552, 559 (1990).  The central question then is whether there exists a dispute as to any material fact that would help prove or disprove the dischargeability of the debts at issue.

## A. **Dischargeability under 11 U.S.C. 523(a)(2)(A)**

Under the Bankruptcy Code, a debt "for money, property, services, or an extension, renewal, or refinancing of credit" will not be discharged, to the extent that it was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."  11 U.S.C § 523(a)(2)(A).  Without limitation, the statutory language "makes clear that the share of money, property, etc., that is obtained by fraud gives rise to a nondischargeable debt."  <u>De La Cruz</u>, <u>supra</u>, at 219.

The Sixth Circuit has found that the creditor must prove the following elements to establish nondischargeability under this section:

1) The debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth;
2) The debtor intended to deceive the creditor;
3) The creditor justifiably relied on the false representation; and
4) Its reliance was the proximate cause of loss.

<u>Brentar v. Nishnic (In re Nishnic)</u>, 2006 Bankr. LEXIS 4183 (Bankr. N.D. Ohio 2006), at *10-11, quoting <u>In re Rembert</u>, 141 F.3d 277, 280-81 (6th Cir. 1998) (citation omitted).

The third element of this test is amply proven by the existing record.  Leaving aside

3

momentarily the question of whether the agreement memorialized between Defendant and Plaintiff contained false representations, it is undisputed that Plaintiff justifiably relied on the terms of that agreement, including the express warranty.

However, the remaining three elements hinge on the establishment of material facts that are still in dispute. Plaintiff claims that when the leaks started, she tried repeatedly to contact Defendant, but was unable to secure the necessary repairs. Defendant, for his part, argues the inverse: that he responded to her initial inquiry, but could not reach her for a year. This means that the issue of whether Defendant's representations proximately caused the loss of the cost of inspection and repairs performed by a third party cannot be established on the face of the pleadings. In addition, due to the uncertainty regarding Defendant's intentions, including whether he intentionally avoided upholding Plaintiff's warranty, neither the first nor second element can be established on the strength of the pleadings.

Given the existence of genuine disputes as to material fact, the § 523(a)(2) claim cannot be disposed of through summary judgment.

### B. **Dischargeability under 11 U.S.C. 523(a)(6)**

Section 523(a)(6) provides an exception to dischargeability where the debt arises from the "willing and malicious injury by the debtor to another entity or to the property of another entity." The Sixth Circuit explains that a willful injury is "deliberate or intentional," and a malicious one is imposed in "conscious disregard of one's duties or without just cause or excuse." Trost v. Trost, 2018 U.S. App. LEXIS 14225 (6th Cir. 2018), at *5, quoting Wheeler v. Laudani, 783 F.2d 610, 615 (6th Cir. 1986). The Supreme Court has clarified that in order for such an injury to be found nondischargeable, the debtor must "intend the consequences of an act, not simply the act itself." Id., quoting Kawaauhau v. Geiger, 523 U.S. 57, 61-62 (1998). The Sixth Circuit has further fleshed out this requirement by explaining that such injury will only be found if the debtor either "desires to cause the consequences of [the] act", or "believes that the consequences are substantially certain to result from it." Id., quoting In re Markowitz, 190 F.3d 455, 464 (6th Cir. 1999) (citation, internal quotation marks, and brackets omitted). A plaintiff's claim that part of the debtor's debt owes to malicious or willful injury must be proven by the plaintiff herself. In re Klayminc, 37 B.R. 728, 730 (Bankr. S.D. Fla. 1984).

Plaintiff offers no proof definitively establishing beyond dispute that Debtor intended to avoid the warranty and cause her economic loss and property damage. Debtor steadfastly maintains that he would have honored the warranty and completed the repairs if Plaintiff had returned his calls, while Plaintiff claims she could not reach him in the first place. Debtor also denies that the Articles of Organization for Anthony Roofing and Construction were filed in order to attempt to evade liability for the repairs.

Multiple material facts in this case are entirely in dispute. As such, this court cannot grant summary judgment as to the 523(a)(6) claim.

The court will deny Plaintiff's motion for summary judgment by separate order.

#      #      #

**Service List:**

**Rene Lincicome**
3001 Connecticut Street S.W.
Massillon, OH 44646

**Laura L. Mills**
101 Central Plaza South
Suite 200
Canton, OH 44702

**Anthony Roofing, LLC**
**Anthony Roofing and Construction, LLC**
**Anthony James Garman**
1860 Glenmont Drive
Canton, OH 44708

**Edwin H. Breyfogle**
108 Third Street N.E.
Massillon, OH 44646