# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | ) | CASE NO: 17-62055 |
| | ) | |
| ANTHONY JAMES GARMAN | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtor. | ) | |
| ---------------------------------------- | ) | ADVERSARY NO.17-06024-rk |
| | ) | |
| RENE LINCICOME | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S SUPPLEMENTAL** |
| | ) | **EVIDENCE TO SUPPORT** |
| v. | ) | **PLAINTIFF'S MOTION FOR** |
| | ) | **SUMMARY JUDGMENT** |
| ANTHONY ROOFING, LLC. | ) | |
| and | ) | |
| ANTHONY GARMAN | ) | |
| and | ) | |
| ANTHONY ROOFING & CONSTRUCTION, LLC | ) | |
| Defendants. | ) | |

    Now comes Plaintiff Rene Lincicome, by and through undersigned counsel, and hereby supplements her Motion for Summary Judgment and Reply in Support of Plaintiff's Motion for Summary Judgment. Since filing her Motion for Summary Judgment and her Reply in Support of Plaintiff's Summary Judgment, Plaintiff discovered additional evidence that further supports this Court granting her Summary Judgment under the Federal Rules of Civil Procedure 56(A) on all

claims in her original Complaint. Plaintiff's Memorandum in Support is attached hereto and incorporated herein.

                Respectfully submitted,

                /s/Laura L. Mills
                Laura L. Mills (0063011)
                Pierce C. Walker (0097312)
                *Counsel for Rene Lincicome*
                Mills, Mills, Fiely & Lucas
                101 Central Plaza South, Suite 1200
                Canton, OH  44702
                Phone: 330.456.0506
                Fax: 855.764.3543
                LMills@MMFLlaw.com
                PWalker@MMFLlaw.com

**MEMORANDUM IN SUPPORT**

## I. INTRODUCTION

Plaintiff Rene Lincicome ("Plaintiff") filed her Motion for Summary Judgment on April 23, 2018 seeking summary judgment on her claims pursuant to Bankruptcy Code § 523(a)(2)(A) and Bankruptcy Code § 523(a)(6). Defendant Anthony Garman ("Defendant") responded on May 23, 2018 alleging that Plaintiff did not satisfy her burden of proof and that there is a dispute as to relevant facts in this case. Plaintiff replied on May 30, 2018 addressing the allegations as set forth in Defendant's response. Since the filing of these motions, Plaintiff discovered additional evidence that further supports this Court granting her Summary Judgment. On November 21, 2018, Plaintiff deposed Defendant Anthony Garman. This newly discovered evidence is being offered in support of Plaintiff's Motion for Summary Judgment and Reply in Support of Plaintiff's Motion for Summary Judgment.

## II. BACKGROUND

Plaintiff will not restate the facts as outlined in her Motion for Summary Judgment and Reply in Support of Plaintiff's Motion for Summary Judgment and incorporates the facts as set forth in her Motion for Summary Judgment and her Reply in Support of Plaintiff's Motion for Summary Judgment herein by reference and further reiterates that a 20-year warranty was specifically represented to Plaintiff. (Garman Depo., p. 9-10).[1]

Plaintiff contacted Defendant and requested that her roof be repaired under the 20-year warranty. Despite multiple attempts to have Defendant repair the damaged roof, Plaintiff finally contacted a home inspection service to evaluate the roof and Defendant's work. Home Improvement Specialists inspected Plaintiff's roof at additional cost to Plaintiff and determined it

---

[1] See Deposition of Anthony Garman November 21, 2018, separately filed with this Court.

2

was improperly installed and would need to be completely replaced. Defendant failed to honor the 20-year warranty and repair and/or replace the roof. In addition to paying Defendant to install her roof, Plaintiff has paid in excess of $18,500.00 to Home Improvement Specialists to have the improperly installed roof removed and replaced with a new roof to avoid further damage to her property.

On April 26, 2017, Plaintiff filed her Complaint against Defendant and Anthony Roofing, LLC in the Stark County Court of Common Pleas, Case No. 2017CV00860. After receiving the Complaint, Defendant with the assistance of his former counsel, Attorney John Jeurgensen, filed Articles of Organization for a new company "Anthony Roofing and Construction, LLC" on August 10, 2017 and Defendant also filed Chapter 7 bankruptcy on September 15, 2017. The Defendant seeks to avoid liability and discharge his debts by restructuring his business and filing bankruptcy.

### III. LAW AND ARGUMENT

Plaintiff will not restate the law and arguments as outlined in her Motion for Summary Judgment and her Reply in Support of Plaintiff's Motion for Summary Judgment and incorporates the law and arguments as set forth in her Motion for Summary Judgment and her Reply in Support of Plaintiff's Motion for Summary Judgment herein by reference. Plaintiff supplements the evidence in support her motions with the deposition testimony of Defendant Anthony Garman.

    a) **The Testimony of Defendant Anthony Garman Supports Summary Judgment on Plaintiff's Claim under Bankruptcy Code § 523(a)(2)(A)**

Defendant's liability to Plaintiff is not dischargeable under 11 U.S.C. §523(a)(2)(A). The law does not permit Defendant to discharge a putative judgment against him in Case No. 2017CV00860 in the Stark County Court of Common Pleas, but stayed pending the instant case, because Defendant seeks to avoid liability for money, property, services, or an extension, renewal, or refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud.

Bankruptcy Code §§ 523(a)(2)(A). Here, the Defendant made several material misrepresentations to Plaintiff about the work to be performed for the project, as well as Defendant's ability to install the rubberized roof system for the project. Defendant knew that he was not a certified installer of the roof but entered into the contract with Plaintiff. Defendant failed to inform Plaintiff that he was not qualified to install the rubberized roof or that Defendant would have to hire a subcontractor to install the rubberized roof to complete the project for Plaintiff.

Defendant falsely represented the work to be performed on Plaintiff's roof. Defendant admitted he was hired by Plaintiff to install a new rubber roof system on her home, specifically a rubberized roof system manufactured by Firestone. (Garman Depo., p. 8-9). Defendant admitted that he never informed Plaintiff that as a general contractor of her project he would hire subcontractors to complete the work. (Garman Depo., p. 50-51). Defendant admitted that his contract with Plaintiff did not permit him to hire subcontractors for the project. (Garman Depo., p. 51-52). Defendant admitted that he hired Jeff Garens as a subcontractor to install the flat rubber roof for the project and that Jeff Garens installed the flat rubber roof. (Garman Depo., p. 48-49). Defendant admitted that Plaintiff was never informed that Jeff Garens would be installing her roof and stated: "I didn't know say, -- "Jeff Garens in coming out to put your roof on." (Garman Depo., p. 50-51).

Defendant also falsely represented that he was capable of installing the rubberized roof system manufactured by Firestone. Defendant acknowledged that Firestone requires certain certifications to install the its rubberized roof system. (Garman Depo., p. 55). Defendant admitted that he did not have the certification required to install the rubberized roof system. (Garman Depo., p. 56). Defendant admitted that he did not inform Plaintiff that he was not certified to install her rubberized roof system. (Garman Depo., p. 57). Moreover, Defendant admitted that he quoted

4

Plaintiff for the project and ordered the materials for the project even though he is not a certified installer of the rubberized roof system. (Garman Depo., p. 65-66). And while Defendant maintained that the subcontractor Jeff Garens is a certified installer, Defendant admitted that he did not consult Jeff Garens with regard to the quote or the materials needed for the project. (Garman Depo., p. 55, 65-66). Defendant admitted that Jeff Garens did not accompany Defendant on the walk-through or the quote for the project. (Garman Depo., p. 49-50). Additionally, Defendant admitted that Jeff Garens did not attend any meetings with Plaintiff or have any telephone or email communication with Plaintiff. *Id*. Defendant also admitted that he did not inform Plaintiff that Jeff Garens was qualified to install her rubberized roof system. (Garmam Depo., p. 55).[2]

Defendant intentionally made these fraudulent statements and intentionally omitted information concerning the work to be performed and whether he was capable to perform the work. Plaintiff reasonably relied on his deceptive statements and hired Defendant. The roof was improperly installed and was required to be replaced by Home Improvement Specialists to avoid further damage to her property proximately causing Plaintiff to incur damages for a roof inspection, complete removal and replacement of her roof, and the filing of a lawsuit.

Now, Defendant is attempting to avoid liability by restructuring his business and filing bankruptcy. Defendant admitted that with the assistance of his former legal counsel, Attorney John

---

[2] On December 11, 2018, Plaintiff served Defendant with Plaintiff's Second Set of Requests for Production of Documents. Plaintiff requested Defendant produce any and all documents related to Defendant's education, training, licenses and certifications related to Firestone Building Products, as well as any and all documents related to subcontractor Jeff Garen's education, training, licenses and certifications related to Firestone Building Products. The responses were due January 10, 2019. In response to an email sent to Defendant's counsel in this matter, Attorney Breyfogle confirmed that there is no response to the certificates requested. See Edwin Breyfogle's email dated January 23, 2019 attached hereto as Exhibit "A".

5

Jeurgensen, he thought it best to file bankruptcy and organize a new company to avoid liability to Plaintiff along with other debtors. (Garman Depo., p. 27). Attorney Jeurgensen was Defendant's legal counsel when he was served Plaintiff's Complaint in Case No. 2017CV00860 in Stark County Court of Common Pleas on April 26, 2017. Defendant admitted Attorney Jeurgensen advised Defendant to close Anthony Roofing and establish a new company. (Garman Depo., p. 36). Defendant admitted that Attorney Jeurgensen helped Defendant establish the new business Anthony Roofing & Construction, LLC and obtain an EIN for the new business. (Garman Depo., p. 28). Anthony Roofing & Construction, LLC was established August 10, 2017 and Attorney Jeurgensen is its registered agent. (Garman Depo., p. 36). Defendant admitted Attorney Jeurgensen referred him his current counsel in this matter to file bankruptcy. (Garman Depo., p. 36). Defendant should not be permitted to avoid liability by restructuring his business when even Defendant admits that Anthony Roofing is just another name for Anthony Roofing and Construction. (Garman Depo., p. 45).

b) **The Testimony of Defendant Anthony Garman Supports Summary Judgment on Plaintiff's Claim Under Bankruptcy Code § 523(a)(6)**

Defendant's liability to Plaintiff is not dischargeable under 11 U.S.C. §523(a)(6). The law does not permit Defendant to discharge the potential judgment against him in the case pending in Stark County Court of Common Pleas, Case No. Case No. 2017CV00860 because he seeks to avoid liability for a willful and malicious injury by Defendant to Plaintiff. Bankruptcy Code § 523(a)(6).

Defendant admitted that his contract with Plaintiff provided her an express 20-year warranty on her roof. (Garman Depo., p. 9-10). Defendant failed to repair and/or replace Plaintiff's roof even though he provided Plaintiff with an express 20-year warranty. Plaintiff hired Home Improvement Specialists to inspect the roof installed by Defendant. Home Improvement

6

Specialists determined that Defendant improperly installed Plaintiff's roof and that it would be replaced. To avoid further damage to her property, Plaintiff hired Home Improvement Specialists to replace her roof at an additional expense to Plaintiff in $18,500.00. Additionally, in an effort to recover her damages, Plaintiff filed a lawsuit against Defendant in the Stark County Court of Common Pleas, Case No. Case No. 2017CV00860. Because Defendant failed to honor the express 20-year warranty on the roof, Defendant has proximately caused Plaintiff to incur damages for a roof inspection, complete removal and replacement of her roof and the filing of a lawsuit. Now, Defendant is attempting to avoid liability by restructuring his business and filing bankruptcy.

## IV. CONCLUSION

Defendant sold a roof to Plaintiff that he was not certified to install, and he fraudulently represented directly to Plaintiff that he was. Defendant did not inform Plaintiff that he would hire a subcontractor to install her roof and that he himself would not install it. Plaintiff's roof leaked and upon inspection it was determined that the roof was improperly installed. She has sought to recover her damages from Defendant. The Defendant is not permitted to avoid liability and discharge Plaintiff's putative recovery against him under Bankruptcy Code § 523(a)(2)(A) and Bankruptcy Code § 523(a)(6). For the reasons set forth in Plaintiff's Motion for Summary Judgment and Plaintiff's Reply in Support of Plaintiff's Motion for Summary Judgment and incorporated herein and for the foregoing reasons, Plaintiff hereby respectfully requests this Honorable Court supplement her Motion for Summary Judgment with this newly discovered evidence and GRANT her Motion for Summary Judgment.

Respectfully submitted,

/s/Laura L. Millls
Laura L. Mills (0063011)
Pierce C. Walker (0097312)
*Counsel for Rene Lincicome*
Mills, Mills, Fiely & Lucas
101 Central Plaza South, Suite 1200
Canton, OH  44702
Phone: 330.456.0506
Fax: 855.764.3543
LMills@MMFLlaw.com
PWalker@MMFLlaw.com

## CERTIFICATE OF SERVICE

I certify that on January 25th, 2019 a true and correct copy of the foregoing Plaintiff's Supplemental Evidence to Support Plaintiff's Motion for Summary Judgment was served via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

Edwin H. Breyfogle, Esq., on behalf of Defendant at edwinbreyfogle@gmail.com.

Under penalty of perjury, I declare that the foregoing is true and correct.

Dated: January 25th, 2019

/s/Laura L. Mills
Laura L. Mills (#0063011)
*Counsel for Rene Lincicome*