**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Dated: 02:41 PM February 11, 2019**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ANTHONY JAMES GARMAN, | ) | CASE NO. 17-62055 |
| | ) | |
| Debtor. | ) | ADV. NO. 17-6024 |
| _____ | ) | |
| RENE LINCICOME, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| ANTHONY ROOFING, LLC, | ) | **(NOT FOR PUBLICATION)** |
| ANTHONY JAMES GARMAN, | ) | |
| ANTHONY ROOFING & | ) | |
| CONSTRUCTION, LLC, | ) | |
| | ) | |
| Defendants. | | |

On April 23, 2018, Plaintiff filed a Motion for Summary Judgment. The court subsequently denied that motion on July 5, 2018. Now before the court is Plaintiff's supplemental motion for summary judgment brought pursuant to Bankruptcy Rule 7056. Defendant opposes the motion.

1

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and the court has authority to issue final entries. Pursuant to 11 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## FACTS

The court incorporates the facts as previously set forth in its Memorandum of Opinion dated July 5, 2018.

Plaintiff filed this second motion for summary judgment based upon additional evidence gleaned from the deposition of Defendant on November 21, 2018. Defendant was hired to install a Firestone rubberized roof system on Plaintiff's home. Defendant himself did not have the necessary certification to install the roof himself, and so hired a subcontractor named Jeff Garens to complete the project. Defendant did not tell Plaintiff that he lacked the necessary certification. The contract between Plaintiff and Defendant did not expressly provide for subcontract work, and Defendant did not inform Plaintiff that he would not be completing the installation himself. Defendant handled the quote for the project and ordered the materials himself, without involving Garens.

During the deposition, Defendant also admitted that his former attorney, John Juergensen, encouraged him to file for bankruptcy and organize a new, virtually identical company in order to potentially avoid liability to Plaintiff and other possible creditors. Defendant did so "based on the fact that [he] felt that [he] was in the right in [the] complaints." Garman Depo., p. 27.

## DISCUSSION

Federal civil procedure rules regarding summary judgment apply also in adversary proceedings. Fed. R .Bankr. 7056. In order to succeed on a motion for summary judgment, the movant must show that "there is no dispute as to any material fact," and that the movant is "entitled to judgment as a matter of law." Fed. R. Civ. 56. In considering the motion, the court must view the evidence in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted). If the moving party meets her burden of showing the absence of genuine issues of fact, the burden shifts to the nonmoving party to establish the existence of a fact requiring trial. Automated Sol. Corp., v. Paragon Data Sys., Inc., 756 F.3d 504, 521 (6th Cir. 2014) (citation omitted). Such a material fact is one having the potential to affect the outcome of the proceeding. Rieser v. Hayslip (In re Canyon Sys. Corp.), 343 B.R. 615, 629 (Bankr. S.D. Ohio 2006).

Plaintiff in this case has claimed that parts of Defendant's debt are nondischargeable for

two alternative reasons: the debt was obtained by fraud, and the debt was incurred due to willful and malicious injury to another person or her property. A "debt" is statutorily defined as liability on a claim, which is in turn defined as a right to payment. 11 U.S.C. §§ 101(12), 101(5). Per the Supreme Court, a right to payment is "nothing more nor less than an enforceable obligation." Cohen v. De La Cruz, 523 U.S. 213, 219 (1998), quoting Pennsylvania Dept. of Public Welfare v. Davenport, 495 U.S. 552, 559 (1990). The central question then is whether there exists a dispute as to any material fact that would help prove or disprove the dischargeability of the debts at issue.

### A. Dischargeability under 11 U.S.C. 523(a)(2)(A)

Under the Bankruptcy Code, a debt "for money, property, services, or an extension, renewal, or refinancing of credit" will not be discharged, to the extent that it was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C § 523(a)(2)(A). Without limitation, the statutory language "makes clear that the share of money, property, etc., that is obtained by fraud gives rise to a nondischargeable debt." De La Cruz, supra, at 219.

The Sixth Circuit has found that the creditor must prove the following elements to establish nondischargeability under this section:

1) The debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth;
2) The debtor intended to deceive the creditor;
3) The creditor justifiably relied on the false representation; and
4) Its reliance was the proximate cause of loss.

Brentar v. Nishnic (In re Nishnic), 2006 Bankr. LEXIS 4183 (Bankr. N.D. Ohio 2006), at *10-11, quoting In re Rembert, 141 F.3d 277, 280-81 (6th Cir. 1998) (citation omitted).

In this second motion for summary judgment, Plaintiff takes a different tack than in the first. Previously, the alleged material misrepresentation upon which the theory of nondischargeability under this section hinged was that Defendant had made a warranty to Plaintiff that he then proved unwilling to honor when the roof began to leak. Then, as now, the court found that only one of the four necessary elements – justifiable reliance – was provable on this record.

However, post-deposition, Plaintiff has developed a new argument: that Defendant constructively represented to her that he himself would be installing her roof, rather than the subcontractor who ultimately did so. She also alleges that, due to this representation (or lack of representation to the contrary), Defendant also necessarily implied that he had the license needed to install the roof himself. Defendant admitted in his deposition that he was not licensed to install the roof himself, that he had not in fact informed Plaintiff that he had hired Garens for the job, and that there was no provision in his contract with her explicitly permitting delegation of the labor. However, Plaintiff provides no authority for the requirement she implies: that a

3

general contractor must either inform or even seek permission from his client before hiring others to help accomplish the objectives of the project. There appears to be no controlling state law directly on this point, but the purpose of hiring a general contractor is generally understood to be that of a delegator and manager, who will then find other workers with the specialized skills needed to finish the job.[1] Hiring subcontractors for all or portions of a job is profoundly common. Plaintiff offers no support for the notion that Defendant's failure to anticipate and remedy her apparent unfamiliarity with this common division of labor rises to the level of fraud. If Plaintiff hired Defendant to install the roof specifically because she wanted *him* to do it, and no one else, that fact would have been important to include in her motion. In the absence of a contract provision calling for personal performance by Defendant, Plaintiff has not shown that the roof installation was a non-delegable duty. See Restat. 2d of Contracts, § 318 cmt. B (Am. Law. Inst. 1981).

Given the existence of genuine disputes as to material fact, the § 523(a)(2) claim cannot be disposed of through summary judgment.

Plaintiff also points out that, in his deposition, Defendant agreed with the statement that Juergensen had told him it would be best for him to file bankruptcy, given Plaintiff's case and potential others. Garman Depo., p. 27. He stated that he agreed to organize a new company "[b]ased on the fact that I felt I was in the right in these complaints." Id. Plaintiff is troubled by this admission, and argues in her motion that "Defendant should not be permitted to avoid liability by restructuring his business, even when Defendant admits that Anthony Roofing is just another name for Anthony Roofing and Construction." Supp. Mtn. for Summary Judgmt., p. 6. As a matter of pure fairness, Plaintiff may be right, but this assertion is not relevant to the dischargeability discussion, which seeks to determine whether Defendant intentionally enriched himself through material misrepresentations, upon which Plaintiff then relied. The debt which Plaintiff is claiming to be nondischargeable did not arise through the disputed actions, and so the court chooses not to address this argument.

### B. **Dischargeability under 11 U.S.C. 523(a)(6)**

Section 523(a)(6) provides an exception to dischargeability where the debt arises from the "willing and malicious injury by the debtor to another entity or to the property of another entity." The Sixth Circuit explains that a willful injury is "deliberate or intentional," and a malicious one is imposed in "conscious disregard of one's duties or without just cause or excuse." Trost v. Trost, 2018 U.S. App. LEXIS 14225 (6th Cir. 2018), at *5, quoting Wheeler v. Laudani, 783 F.2d 610, 615 (6th Cir. 1986). The Supreme Court has clarified that in order for such an injury to be found nondischargeable, the debtor must "intend the consequences of an act, not simply the act itself." Id., quoting Kawaauhau v. Geiger, 523 U.S. 57, 61-62 (1998). The Sixth Circuit has further fleshed out this requirement by explaining that such injury will only be

---

[1] Popular crowd-sourced home services site Angie's List provides an explainer on this relationship, which states that "[u]ltimately, the role of a general contractor is to oversee the day-to-day operations of a project while acting as the communication liaison for all parties involved." General contractors "usually don't perform any of the labor, but instead hire skilled tradesmen as subcontractors." Working with Contractors, Angie's List (Feb. 11, 2019, 1:17 PM), http://www.angieslist.com/research/contractors.

found if the debtor either "desires to cause the consequences of [the] act", or "believes that the consequences are substantially certain to result from it." Id., quoting In re Markowitz, 190 F.3d 455, 464 (6th Cir. 1999) (citation, internal quotation marks, and brackets omitted). A plaintiff's claim that part of the debtor's debt owes to malicious or willful injury must be proven by the plaintiff herself. In re Klayminc, 37 B.R. 728, 730 (Bankr. S.D. Fla. 1984).

As before, Plaintiff offers no proof definitively establishing beyond dispute that Debtor intended to avoid the warranty and cause her economic loss and property damage. Debtor steadfastly maintains that he would have honored the warranty and completed the repairs if Plaintiff had returned his calls, while Plaintiff claims she could not reach him in the first place.

Multiple material facts in this case are entirely in dispute. As such, this court once again cannot grant summary judgment as to the 523(a)(6) claim.

The court will deny Plaintiff's supplemental motion for summary judgment by separate order.

# # #

**Service List:**

**Rene Lincicome**
3001 Connecticut Street S.W.
Massillon, OH 44646

**Laura L. Mills**
101 Central Plaza South
Suite 200
Canton, OH 44702

**Anthony Roofing, LLC**
**Anthony Roofing and Construction, LLC**
**Anthony James Garman**
1860 Glenmont Drive
Canton, OH 44708

**Edwin H. Breyfogle**
108 Third Street N.E.
Massillon, OH 44646